Roger M. Townsend, WSBA #25525
BRESKIN JOHNSON & TOWNSEND, PLLC
1000 Second Avenue, Suite 3670
Seattle, WA  98104
Phone: (206) 652-8660
Email: rtownsend@bjtlegal.com

Thomas A. Saenz (*pro hac vice* to be applied for)
Luis L. Lozada (*pro hac vice* to be applied for)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Phone: 213-629-2512
Email: tsaenz@maldef.org
Email: llozada@maldef.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
### SPOKANE DIVISION

| | |
|---|---|
| ANA AYALA, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPOKANE TEACHERS CREDIT UNION,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981 AND WASHINGTON LAW AGAINST DISCRIMINATION; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION** |

COMPLAINT - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Plaintiff Ana Ayala ("Plaintiff" or "Plaintiff Ayala"), individually and on behalf of all others similarly situated, by her attorneys bring the following allegations, based on information and belief, against Defendant Spokane Teachers Credit Union ("Defendant" or "STCU"):

## INTRODUCTION

1. Defendant STCU follows a policy of denying full access to credit products to applicants on the basis of their alienage or immigration status, including those who are Deferred Action for Childhood Arrivals ("DACA") recipients.

2. Plaintiff Ayala and members of the Class she seeks to represent were and are unable to access Defendant's credit products without unequal conditions imposed upon them on the basis of their alienage or immigration status. Plaintiff brings this case against STCU for unlawful discrimination on the basis of alienage or immigration status in violation of the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981 ("Section 1981"), and the Washington Law Against Discrimination ("WLAD"), as codified by the Revised Code of Washington §§ 49.60, *et seq*.

3. Defendant's violations have inflicted harm on Plaintiff, and the Class she seeks to represent, including but not limited to, access to credit products with unfavorable terms and conditions, and emotional distress.

COMPLAINT - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. This Court is also empowered to issue a declaratory judgment by 28 U.S.C. §§ 2201 and 2022.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

**Plaintiff**

7. Plaintiff Ana Ayala is a resident of Pasco, Washington and has lived in the United States since 2000. She arrived to the United States from Morelos, Mexico when she was three years old. She is 26 years old and currently works at Peak Physical Therapy as a Care Coordinator.

8. Plaintiff Ayala has been a DACA recipient since 2012. As a DACA recipient, Plaintiff Ayala is authorized to work in the United States and has a Social Security Number. Plaintiff Ayala resided in Pasco on the date that she applied for an auto loan with STCU and was unlawfully denied.

9. Plaintiff and members of the Class that she seeks to represent were subjected to the violations described in this Complaint.

**Defendant**

10.   Defendant Spokane Teachers Credit Union is a member-owned credit union that serves Washington and North Idaho.

11.   STCU maintains branch locations in Washington and North Idaho, and is headquartered at 1620 North Signal Drive, Liberty Lake, Washington 99019.

12.   An applicant may become a member of STCU in any of four ways: (1) live, work, worship, or attend school in Washington state and certain North Idaho counties; (2) relatives who are eligible for membership; (3) under the age of 18 or college student in Washington state or North Idaho; or (4) work for a STCU community business partner.

13.   STCU offers consumers a range of financial and credit products, including loans, checking and savings account, and credit cards.

## STATEMENT OF FACTS

14.   Plaintiff brings this action on behalf of herself and members of the proposed Plaintiff Class. The class seeks damages, declaratory and injunctive relief.

15.   Plaintiff Ayala is a recipient of DACA, and has been since 2012. Since that time, she has continuously possessed an employment authorization card and a Social Security Number. Plaintiff Ayala has received personal loans from various financial institutions.

16. On August 21, 2023, Plaintiff Ayala purchased a 2017 Buick Enclave from Archibald's, a used-vehicle dealership. As part of the purchase, Plaintiff Ayala applied and was approved for an auto loan in the amount of $19,800 from STCU with interest rate of 8.24% for a term of 72 months.

17. Plaintiff Ayala registered the purchased vehicle under her insurance and had the vehicle for about two weeks when the dealership informed her that STCU requested additional information and documentation.

18. Plaintiff Ayala provided her work-only Social Security Number card.

19. The dealership later informed her that STCU had denied the loan because of her DACA status.

20. According to internal communications between the dealership and STCU, STCU received the SSN card but nevertheless denied the loan. Specifically, STCU noted that "[w]e would need proof of permanent residency or citizenship to proceed. The SSN card provided is for work authorization only."

21. On September 7, 2023, STCU sent a "Notice of Action Taken and Statement of Reason" to Plaintiff Ayala. In the letter, STCU states that the principal reason for the credit denial was "incomplete identity information."

22. Following the denial, Plaintiff Ayala applied for and received an auto loan from another credit union at a higher interest rate. Plaintiff Ayala has not applied for any loans or products from STCU following her denial.

23. Plaintiff Ayala suffered harm as a result of STCU's denial of her loan application on the basis of her alienage or immigration status. STCU's denial of her application caused Plaintiff Ayala to suffer harm, including actual damages, emotional distress, and other negative effects of incurring a loan with less favorable terms compared to the loan STCU offered.

24. Plaintiff Ayala has never previously been denied the opportunity to apply for credit because of her immigration status. STCU's denial of her loan application caused Plaintiff Ayala to feel the deleterious effects of discrimination.

25. STCU's refusal to offer Plaintiff Ayala an opportunity to receive credit because of its limited and arbitrary alienage requirements violates 42 U.S.C. § 1981.

26. STCU's refusal to offer Plaintiff Ayala an opportunity to receive credit because of its limited and arbitrary immigration status requirements violates the Washington Law Against Discrimination.

27. There is an actual and substantial controversy between Plaintiff and STCU.

## CLASS ACTION ALLEGATIONS

28. Plaintiff incorporates by reference the allegations raised in preceding paragraphs.

29. Plaintiff Ayala brings this action on behalf of herself and all others

similarly situated under Rule 23 of the Federal Rules of Civil Procedure as a Washington subclass.

30. Plaintiff Ayala seeks to represent the following Washington subclass ("Washington Class"), composed of, and defined, as follows:

> All persons with Social Security Numbers who resided in Washington state at the relevant time they applied for or attempted to apply for a loan or credit product from STCU but were denied full and equal consideration by STCU on the basis of their alienage or immigration status.

31. Plaintiff Ayala additionally brings class allegations on behalf of a North Idaho subclass ("North Idaho Class"), composed of, and defined, as follows:

> All persons with Social Security Numbers who resided in North Idaho at the relevant time they applied for or attempted to apply for a loan or credit product from STCU but were denied full and equal consideration by STCU on the basis of their alienage.

32. Plaintiff may amend the above class definitions as permitted by this Court.

33. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

34. The potential members of the Washington Class and North Idaho Class as defined are so numerous that joinder would be impracticable.

COMPLAINT - 7

35. The Washington Class and North Idaho Class are an ascertainable group that, on information and belief, consists of at least dozens of individuals.

36. With discovery, the size of the class will be ascertainable. The names and addresses of potential Class Members are available to Defendant.

37. Notice can be provided to the potential Class Members via first class mail using techniques and a form of notice similar to those customarily used in class-action lawsuits.

**Rule 23(a)(2) – Common Questions of Law and Fact**

38. There are questions of law and fact common to the Class that predominate over any questions affecting only Plaintiff or any other individual Class Members. These common questions of law and fact include, without limitation:

    a. Whether it is STCU's policy to reject applicants for credit products on the basis of alienage or immigration status;

    b. Whether STCU violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff Ayala, Washington Class, and North Idaho Class on the basis of alienage;

    c. Whether STCU violated the Washington Law Against Discrimination by denying full and equal access to services to Plaintiff Ayala and the Washington Class on the basis of immigration status;

d. Whether Plaintiff Ayala and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

e. Whether Plaintiff Ayala and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

39. The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff Ayala and all Class Members sustained the same or similar injuries and damages arising out of and caused by the same practices and common policies of Defendant in violation of Federal and Washington laws, regulations, and statutes as alleged here.

40. The named Plaintiff's claims are representative of and co-existence with the claims of the Class Members.

**Rule 23(a)(4) – Adequacy of Representation**

41. The named Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.

42. The named Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

43. Counsel for the named Plaintiff are competent and experienced in litigating complex class actions, including on the basis of unlawful discrimination.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

44. Class certification is appropriate because STCU has acted or refused to act on grounds generally applicable to members of the Washington Class and North Idaho Class. STCU's actions make declaratory, equitable, and injunctive relief appropriate with respect to Plaintiff Ayala and the Class Members.

45. STCU excludes Class Members in the Washington Class and North Idaho Class outright from banking products and services on the basis of alienage or immigration status. The Class Members of the Washington Class and North Idaho Class are entitled to declaratory, equitable, and injunctive relief to end STCU's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

46. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each Class Member has been injured and is entitled to recovery by reason of Defendant's unlawful policies and practices of discrimination on the basis of alienage or immigration status and of denying full and equal access to Defendant's services.

47. No other litigation concerning this controversy has been commenced by or against Class Members.

48. Class-action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that Class Members have any interest in individually controlling separate actions in this case and damages are capable of measurement on a class-wide basis.

49. Plaintiff and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable credit and banking policies and practices in the relevant period.

50. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action and would be far less burdensome than prosecuting numerous individual actions.

### FIRST CLAIM FOR RELIEF

**Alienage Discrimination**
**(42 U.S.C. § 1981)**

51. Plaintiff incorporates by reference all the allegations raised in this Complaint.

52. Plaintiff brings this claim on behalf of herself and on behalf of the Washington Class and the North Idaho Class.

53. Plaintiff and Class Members were persons within the jurisdiction of the United States at the time of Defendant's discriminatory act.

54. Plaintiff and Class Members are aliens.

55. Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

56. Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

57. Defendant intentionally discriminated against Plaintiff and members of the Class on the basis of alienage by denying them the opportunity to apply for financial products.

58. Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff and Class Members request that the Court issue a permanent injunction ordering Defendant to alter its banking policies and practices to prevent future discrimination on the basis of alienage and to prevent violations of 42 U.S.C. § 1981.

59. Plaintiff and Class Members are now suffering, and will continue to suffer irreparable injury from Defendant's discriminatory acts and omissions.

//

//

## SECOND CLAIM FOR RELIEF

**Violation of the Washington Law Against Discrimination**
**(Revised Code of Washington §§ 49.60, *et seq.*)**

60. Plaintiff incorporates by reference all the allegations raised in this Complaint.

61. Plaintiff brings this claim on behalf of herself and on behalf of the Washington Class.

62. Plaintiff and Class Members are persons within the jurisdiction of the State of Washington and resided in Washington at the time of Defendant's discriminatory act.

63. Defendant conducts credit transactions within the jurisdiction of the State of Washington and, as such, is obligated to comply with the provisions of the Washington Law Against Discrimination, Revised Code of Washington §§ 49.60, *et seq*.

64. Plaintiff and Class Members are entitled to full and equal access to credit of every kind without discrimination no matter their immigration status, and no business may refuse to engage in credit transactions with Plaintiff and Class Members on the basis of their immigration status.

65. Defendant violated the Washington Law Against Discrimination by denying Plaintiff and the Washington Class the opportunity to receive a loan or credit product free of discriminatory conditions imposed on the basis of their

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  immigration status.

2     66.    Plaintiff and the Washington Class have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff and the Washington Class request that the Court issue a permanent injunction ordering Defendant to alter its banking policies and practices to prevent future discrimination on the basis of immigration status and to prevent violations of the Washington Law Against Discrimination.

    67.    Plaintiff and the Washington Class are now suffering, and will continue to suffer irreparable injury from Defendant's discriminatory acts and omissions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ayala and the Class she seeks to represent respectfully request the following relief:

   i.   Certification of the case as a class action on behalf of the proposed Class Members in the Washington Class and North Idaho Class;

   ii.  Designation of Plaintiff Ayala as the class representative on behalf of the Washington Class and North Idaho Class;

   iii. Designation of Plaintiff's counsel of record as Class Counsel;

   iv.  Declaratory judgment that Defendant's policies and practices complained of here are unlawful and violate 42 U.S.C. § 1981 and the Washington Law Against Discrimination;

v.    Preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth here and described in the preceding paragraphs;

vi.    Costs incurred, including reasonable attorneys' fees and costs to the extent allowable by law;

vii.    Pre-judgment post-judgment interest, as provided by law; and

viii.    For such other and further relief as this Court deems just and proper.

DATED: December 14, 2023.

**BRESKIN JOHNSON & TOWNSEND, PLLC**

By: s/ *Roger M. Townsend*
Roger M. Townsend, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA  98104
Phone: (206) 652-8660
Email: rtownsend@bjtlegal.com

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s Thomas A. Saenz*
Thomas A. Saenz (*pro hac vice* to be applied for)

   */s Luis Lozada*
Luis L. Lozada (*pro hac vice* to be applied for)

1
2
3

634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Phone: (213) 629-2512
Email: tsaenz@maldef.org
Email: llozada@maldef.org

4

*Attorneys for Plaintiffs*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

COMPLAINT - 16